## ADAMS vs. WHEELER.

That the persons sitting as judges, holding a Court and rendering a judgment, were not qualified as judges, cannot be assigned for Error, such assignment of Error being an allegation that the proceedings are a nullity, that there is no record to be examined—no judgment to be reversed.

THIS was a Writ of Error brought to reverse a judgment of the City Court of the City of Vergennes. By the record it appears, that a suit was brought by Wheeler v. Adams before that Court, which was referred by agreement of parties, and the judgment was rendered on the report of the referees.

The law requires that certain oaths be administered to the Mayor and Aldermen of said City, the Mayor and the two seignior Aldermen composing said City Court; and that a certificate of such oath, under the hand of the person administering the same, shall be recorded, before the person taking the oath shall be capable of exer-

*Addison,* cising his office. The error assigned is, that the persons hold-
January, ing said Court, had not, at the time said judgment was rendered,
1824 taken the oath, nor was there any certificate of their having taken
Adams said oath recorded.
*vs.*
Wheeler.
*Edmonds* and *Phelps* for the plaintiff in error.

*Bates* for the defendant. This objection to the qualification of
the Judges ought to have been raised by a plea in abatement, and
cannot be assigned for error. 1 Chit. 434. '2 Saunders' Rep. 101,
note 9. A writ of error presupposes a judgment. A pretended
judgment, by individuals wholly unauthorized, would be a nullity;
consequently, a writ of error could not be sustained to set it aside.
And yet the plaintiff in this case is obliged to take the ground that
the Judges had no authority whatever. 2 Coke 359, Whistler *v.* Lee.

The record sets forth a judgment of the City Court of the City of
Vergennes. The error assigned is, in effect, that there was no
such Court, which is a contradiction of the record, and, therefore,
inadmissible. 2 Bac. 490. 2 Croke 350. 2 Levins 243.

The City Court of Vergennes, is within its local limits a Court
of general jurisdiction, and an averment that the Judges of said
Court were not qualified, is inadmissible on principles of propriety
and policy. If a certificate of their being sworn is not found on
record, according to the provisions of the statute, it is to be presum-
ed that the recording officer has failed in his duty, not that the Judg-
es omitted to take the requisite oath of office.

Skinner, J. delivered the opinion of the Court. It will not
be necessary in this case to decide, whether the neglect to take
the oath, and to have a record thereof made, by the Mayor and
Aldermen, they having been duly [appointed, chosen, and act-
ed in their official capacity, will render their proceedings void
or not.—Nor is it necessary to decide what effect the appear
ance of the defendant in a suit, and agreement to refer by rule of
Court, may have upon the judgment, if, as the Court consider, a
writ of error is not the proper remedy of the party complaining;
that is to say, if the causes here alleged cannot be assigned for er-
ror. If the proceeding is not warranted by law, the judgment is
not voidable, but void. Where the subject matter is not within the
jurisdiction of the Court, the judgment is said to be void—the pro-

ceedings being *coram non judice*. The defect however, on which the plaintiff relies in this case, is not, that the subject matter is not within the jurisdiction of the Court rendering the judgment; the existence of the Court for any purpose is virtually denied. And this must be the true cause of complaint, if any. In the case of Baptist *v*. Mickelbourn, cited by the plaintiff's counsel, the question was not raised whether error would lie, where the proceedings were *coram non judice ;* although the report of the case states, that " the Court held the judgment void, yet error lies." The question was, whether the parties were within the jurisdiction of the Court or not; and a majority of the Court were in favour of the defendant in error. No question could arise as to the existence of the court. The same principle seems to be recognized in the case of Hipley *v*. Tuck by a majority of the Court. The decision however was opposed by Wild, and is denied by Ld. Holt to be good law. And in that case it is said it cannot be alleged for error, that the person rendering the judgment complained of, was *not judge*. In the case of Whistler *v*. Lee in Cro. Jac. the error assigned is, that the person holding the court, which is stated, as appears from the record, to have been by custom, had no authority, that is, that there was no such custom; and the grounds on which the decision against the plaintiff in error in that case rested, are, that the averment is contrary to the record, and also, if there is no such custom, then the proceedings are *coram non judice*, and the party is not aggrieved thereby, but he may have false imprisonment. That the party cannot deny the existence of the Court rendering the judgment complained of, or assign that for error in a record, which shows there is no record, is supported by reason and authority.

In the several ancient cases of Mellius *v*. Wheatley, Arundell *v*. Arundell, Whistler *v*. Lee, and Deming *v*. Norris, although there is some obscurity, and not that perfect consistency, which might have been expected upon a subject of no more intricacy, the doctrine, that " the suit by the writ of error admits it to be a Court"—that is, the legitimate existence of the Court rendering the judgment is acknowledged by the party's complaining of error in the record, and seeking to set aside the judgment, is fully established.

We entertain no doubts in the case. The proceedings of persons acting in a private capacity, whatever form they may assume, cannot be re-examined by a writ of error. There is no judgment

to be affirmed or reversed; there can be no record or exemplification of one. In this case the proceedings are such, or full credit must be given to them, as the proceedings of a Court.

Judgment therefore is affirmed.